# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2132

_____

|  |  |  |
|---|---|---|
| Ramon Martinez, also known as Razor, | * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: August 1, 2011
Filed: August 4, 2011

_____

Before MELLOY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Ramon Martinez appeals following the pre-service dismissal of his 28 U.S.C. § 2255 action as barred by the statute of limitations. The matter is before this court on his request for a certificate of appealability. We grant Martinez's request, vacate the dismissal, and remand this case to the district court.

While a district court may sua sponte consider the timeliness of a section 2255 motion, the statute-of-limitations defense remains a non-jurisdictional affirmative defense that the government may waive. Cf. Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006) (because statute-of-limitations defense is not jurisdictional,

courts are not obligated to consider time bar sua sponte; district courts are permitted to consider, sua sponte, timeliness of state prisoner's habeas petition; should state intelligently choose to waive statute-of-limitations defense, district court would not be at liberty to disregard that choice). Upon careful consideration, we conclude that the district court should not have dismissed this action as untimely prior to service on the government and without giving Martinez an opportunity to present his position. See id. at 207 n.6, 210 (before acting on its own initiative, court must accord parties fair notice and opportunity to present their positions).

Accordingly, we grant Martinez a certificate of appealability, we vacate the dismissal, and we remand this case to the district court with instructions to proceed with service on the government. We express no opinion on whether Martinez is entitled to relief from the statute of limitations, on equitable tolling grounds or otherwise, should the government decide to assert the statute as a defense.

_____